**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Daniel L. Reinganum, Esq.
McDowell Law, PC
46 W. Main Street
Maple Shade, NJ 08052
856-482-5544 / DanR@McDowellLegal.com
*Attorneys for John W. Hargrave, Chapter 7 Trustee*

In Re:

Christopher DeRose

**Order Filed on February 27, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.: 17-24403
Hearing Date: 2/26/2018

Judge: Andrew B. Altenburg

**ORDER APPROVING SALE OF BANKRUPTCY ESTATE'S 25% INTEREST IN 2 HARROW COURT, TOMS RIVER, NEW JERSEY, APPROVING RETENTION OF REALTOR, AND APPROVING PAYMENT OF REALTOR'S COMMISSIONS, AND WAIVING 14 DAY STAY OF EFFECTIVENESS OF ORDER PROVIDED BY RULE 6004(H)**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: February 27, 2018**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Case No.:         17-24403-MBK
Debtor's Name:    Christopher DeRose
Caption of Order: Order approving sale of bankruptcy estate's interest in 2 Harrow Court, Toms River, New Jersey, approving retention of realtor, and approving payment of realtor's commissions, and waiving 14 day stay of effectiveness of order provided by Rule 6004(h).

---

This matter comes before the Court by way of motion by John W. Hargrave, Chapter 7 Trustee, on shortened time, and upon notice to all creditors, the United States Trustee's Office, the Debtor, and Debtor's attorneys for an order approving the sale of the Debtor's 25% interest in 2 Harrow Court, Toms River, New Jersey, approving the retention of a realtor and approving the payment of realtor's commissions, and for good cause shown it is hereby **ORDERED:**

## PART I – APPROVAL OF SALE

1. The Trustee's Motion (the "Motion") to sell the bankruptcy estate's interest in property known as 2 Harrow Court, Toms River, New jersey (the "Property") be and hereby is, GRANTED, and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

2. Due and proper notice has been given to all parties who are entitled to notice under the circumstances.

3. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is hereby authorized, directed and empowered to fully perform under, consummate and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Property, or as may be necessary or appropriate to the performance of the obligations and transactions contemplated by the Agreement.

4. The Trustee's sale of the Property is approved pursuant to sections 105(a), and 363(b)(d) and (f), under the terms and conditions set forth in the Trustee's motion.

5. The proceeds of the sale must be used to satisfy the liens on the Property unless the liens are otherwise avoided by court order. Until such satisfaction the Property is not free and clear of liens.

6. The sale of the Property shall be "as is, where is" without recourse, representation or warranty.

7. Notwithstanding the foregoing, the sale of the Property by the Trustee pursuant to the Agreement shall provide the Purchaser with good title to the Property.

8. This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the sale agreement, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith, (ii) to compel delivery of the Property to the Purchaser, (iii) to resolve any

disputes arising under or related to the Agreement; and (iv) to interpret, implement and enforce the provisions of this Order.

9. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

## PART II – APPROVAL OF RETENTION AND PAYMENT OF PROFESSIONAL FEES

10. The Trustee is authorized to retain Patrick Meehan Jr. of RE/MAX New Beginnings on the terms seth forth in the Trustee's Motion.
11. The payment of $9,000 as realty commissions to RE/MAX New Beginnings is **Approved.**
12. The effective date of this retention is the date that the Trustee's Motion was filed.

## PART III – WAIVER OF RULE 6004(h) 14 day stay of effectiveness

13. This order shall be effective immediately, and shall not be subject to the 14 day stay pursuant to Bankruptcy Rule 6004(h).